```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TIMMY ST. PIERRE              *        CIVIL ACTION

VERSUS                        *        NO: 10-0070

GRAVOIS TUGS, INC.            *        SECTION: "D"(3)
```

## ORDER AND REASONS

Before the court is the **"Motion for Partial Summary Judgment" (Doc. No. 17)** filed by Defendant, Gravois Tugs, Inc. Plaintiff, Timmy St. Pierre, filed a memorandum in opposition. The motion, set for hearing on Wednesday, June 2, 2010, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that there is no genuine issue of material fact and Defendant is entitled to partial judgment as a matter of law.

In this matter, Plaintiff claims that on or about April 4, 2009, while employed as a seaman aboard Defendant's tug boat, the PAM G, he was injured when he tripped and fell on the PAM G. Plaintiff asserts claims for maintenance and cure, Jones Act negligence, and unseaworthiness. In its Motion for Partial Summary

Judgment, Defendant asserts a *McCorpen*[1] defense on Plaintiff's maintenance and cure claim as it relates to Plaintiff's alleged cervical spine and left knee injuries.[2]

The court finds that Defendant has successfully established (through Plaintiff's deposition testimony with attached Resume that Plaintiff presented to Gravois Tugs upon application for employment, and Affidavit of David P. Gravois, President of Gravois Tugs with attached Employment Application and Post-Offer Medical History completed by Plaintiff prior to being hired by Gravois Tugs) the required *McCorpen* defense elements that:

    (1) Plaintiff intentionally misrepresented or concealed medical facts concerning cervical and left knee injuries he sustained before he was hired by Defendant;

    (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and

    (3) a connection exists between the withheld

---

[1] *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

[2] Plaintiff also claims that he injured his right shoulder when he tripped and fell on the PAM G, but Defendant does not assert a *McCorpen* defense on Plaintiff's maintenance and cure claim as it relates to Plaintiff's alleged right shoulder injury.

information and Plaintiff's cervical and left knee injuries complained of in the lawsuit.[3]

*Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005), *citing McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547, 548-49 (5th Cir. 1968).

Plaintiff was hired by Gravois Tugs in January 2000, after Plaintiff gave Gravois Tugs his Resume and completed a medical questionnaire provided by Gravois Tugs. David P. Gravois, the President of Gravois Tugs, explained that "[a]fter extending a conditional offer of employment to Timmy St. Pierre, he gave St. Pierre a medical questionnaire to complete," and [a]fter reviewing the [completed] questionnaire, and believing all of the information contained in the document was accurate, he hired St. Pierre as captain." (Gravois Affidavit, Doc, No, 17-4 at pp. 20-21, ¶¶3 & 6, and attached Exhibit).

In previous employment with Crosby Tugs (sometime after 1996), Plaintiff suffered a cervical injury requiring a cervical fusion at two levels and medical treatment for two years. When Plaintiff was 18 years old, he injured his left knee in a dirt bike accident and

---

[3] "[T]here is no requirement that present injury be identical to a previous injury. All that is required is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage." *Brown*, 410 F.3d at 176 (citation omitted).

Plaintiff needed surgery to repair ligaments in that knee. On the medical questionnaire Gravois Tugs gave to Plaintiff prior to hiring him, Plaintiff failed to disclose both his prior cervical and left knee injuries.

In his deposition, Plaintiff testified that he did not remember filling out Gravois' pre-employment medical questionnaire form, but if he did fill it out, he was not having problems with his cervical spine or left knee at that time. The court finds that the relevancy of this testimony is questionable because "*McCorpen*'s intentional concealment prong neither necessarily turns on credibility nor requires a subjective determination." *Brown*, 410 F.3d at 175. Further, Plaintiff admitted in his deposition that he failed to include Crosby Tugs on the Resume he gave to Gravois, because he thought his prior neck injury while employed with Crosby Tugs would jeopardize his chances of getting hired by Gravois Tugs. (Plaintiff's Dep. at pp. 78-79).

In his opposition memorandum, Plaintiff asserts that he "did advise his employer of both his prior neck and left knee surgeries." (Plaintiff's Opp., Doc. No. 27 at p. 3). But Plaintiff did not do so until some nine months *after* Gravois Tugs hired him, when he completed a questionnaire to obtain health insurance (a questionnaire completely different from the medical questionnaire Gravois Tugs had Plaintiff complete before hiring

4

him). Further, the knee surgery Plaintiff listed on this health insurance questionnaire was for "removal of loose cartilage" which was done in August 2000 (while employed by Gravois Tugs); Plaintiff does *not* list the left knee surgery for torn ligaments he had when he was 18 years old.

Accordingly;

**IT IS ORDERED** that the **"Motion for Partial Summary Judgment" (Doc. No. 17)** filed by Defendant, Gravois Tugs, Inc., be and is hereby **GRANTED**, dismissing Plaintiff's maintenance and cure claim as it relates to Plaintiff's cervical and left knee injuries complained of in the lawsuit.[4]

New Orleans, Louisiana, this **2nd** day of **June**, **2010**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's maintenance and cure claim as it relates to Plaintiff's alleged right shoulder injury remains viable.